Case 1:20-cv-23786-RNS   Document 1-1   Entered on FLSD Docket 09/09/2020   Page 1 of 10

**IN THE CIRCUIT COURT OF**
**THE ELEVENTH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**Case No.**

JORGE OCON,

      Plaintiff

vs.

UPS,

      Defendant

_____/

**COMPLAINT**

1. Plaintiff, Jorge Ocon, ("Plaintiff"), brings this action against Defendant, UPS, ("Defendant") alleging as follows:

**JURY DEMAND**

2. Plaintiff demands a trial by jury on all claims properly triable by a jury.

**<u>PARTIES, VENUE AND JURISDICTION</u>**

3. Plaintiff was at all relevant times hereto employed by Defendant. Plaintiff is over the age of 18 and is otherwise *sui juris*.

4. Defendant, is an employer within Miami-Dade County, which at all relevant times hereto violated Plaintiff's employment rights under the Florida Civil Rights Act (FCRA) and Title VII of the Civil Rights Act (Title VII). Defendant is otherwise *sui juris*.

5. Venue is proper in Miami Dade County because Defendant employed Plaintiff in the county, and because the causes of action otherwise occurred in the County.

6. Venue is also proper in that Plaintiff and/or Defendant ("Parties") resides in this district, in that a substantial part of the events or omissions giving rise to the claim occurred in this district and in that the Parties are subject to personal jurisdiction in this district with respect to this action, and/or there is no other district in which the action may otherwise be brought.

7. All conditions precedent to the bringing of this action have occurred or been performed, i.e. a Charge of Discrimination was filed, Right to Sue Letter issued and lawsuit filed before the expiration of the Right to Sue letter.

8. This Court has jurisdiction over this action pursuant as well as supplemental jurisdiction over Plaintiff's related claims arising under federal, state and/or local laws.

**COUNT ONE**
**Discrimination (FCRA)**

9. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

10. At all relevant times Plaintiff was an employee of Defendant and was qualified.

11. Plaintiff worked for UPS from June 6, 1990 to April 5, 2019, starting as a Preload Package Handler. On January 1992, after 3 years, Plaintiff started driving as a part-time Air Driver. On January 8, 1993, Plaintiff started working as a full-time Package Delivery Driver. In 2014, after over 24 years, Plaintiff was promoted to the Feeder Position.

12. Plaintiff's protected category is his national origin, Nicaraguan.

13. Plaintiff's employment was terminated on April 03, 2019, for the same conduct (i.e. stopping to use the restroom and attempting to buy a coffee to go) that is performed regularly by similarly situated employees (same supervisors and job titles) outside of Plaintiff's protected category, yet the other employees were not and have not been terminated.

14. It is telling that other similarly situated employees outside Plaintiff protected category have been reprimanded but not terminated permanently for the same conduct.

15. The causal link betwene Plaintiff's protected category and simailr conduct by simiallry situated employees caused Defendant's harrasment, retalation, discrmination, and/or termiation, and therefore Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

16. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

17. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

18. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

19. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

20. Plaintiff hereby requests a jury trial.

21. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future

loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

**COUNT TWO**
**Discrimination (TITLE VII)**

22. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

23. At all relevant times Plaintiff was an employee of Defendant and was qualified.

24. Plaintiff worked for UPS from June 6, 1990 to April 5, 2019, starting as a Preload Package Handler. On January 1992, after 3 years, Plaintiff started driving as a part-time Air Driver. On January 8, 1993, Plaintiff started working as a full-time Package Delivery Driver. In 2014, after over 24 years, Plaintiff was promoted to the Feeder Position.

25. Plaintiff's protected category is his national origin, Nicaraguan.

26. Plaintiff's employment was terminated on April 03, 2019, for the same conduct (i.e. stopping to use the restroom and attempting to buy a coffee to go) that is performed regularly by similarly situated employees (same supervisors and job titles) outside of Plaintiff's protected category, yet the other employees were not and have not been terminated.

27. It is telling that other similarly situated employees outside Plaintiff protected category have been reprimanded but not terminated permanently for the same conduct.

28. The causal link betwene Plaintiff's protected category and simailr conduct by simiallry situated employees caused Defendant's harrasment, retalation, discrmination, and/or

termiation, and therefore Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

29. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

30. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

31. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

32. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

33. Plaintiff hereby requests a jury trial.

34. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such

additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT THREE
### Retaliation (FCRA)

35. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

36. At all relevant times Plaintiff was an employee of Defendant and was qualified.

37. Plaintiff worked for UPS from June 6, 1990 to April 5, 2019, starting as a Preload Package Handler. On January 1992, after 3 years, Plaintiff started driving as a part-time Air Driver. On January 8, 1993, Plaintiff started working as a full-time Package Delivery Driver. In 2014, after over 24 years, Plaintiff was promoted to the Feeder Position.

38. Plaintiff's protected category is his national origin, Nicaraguan.

39. Plaintiff's employment was terminated on April 03, 2019, for the same conduct (i.e. stopping to use the restroom and attempting to buy a coffee to go) that is performed regularly by similarly situated employees (same supervisors and job titles) outside of Plaintiff's protected category, yet the other employees were not and have not been terminated.

40. It is telling that other similarly situated employees outside Plaintiff protected category have been reprimanded but not terminated permanently for the same conduct. Plaintiff complained about this treatment but reinstatement was denied in retaliation.

41. The causal link betwene Plaintiff's protected category and simailr conduct by simiallry situated employees caused Defendant's harrasment, retalation, discrmination, and/or termiation, and therefore Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

42. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

43. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

44. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

45. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

46. Plaintiff hereby requests a jury trial.

47. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT FOUR
### Retaliation (Title VII)

48. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

49. At all relevant times Plaintiff was an employee of Defendant and was qualified.

50. Plaintiff worked for UPS from June 6, 1990 to April 5, 2019, starting as a Preload Package
Handler. On January 1992, after 3 years, Plaintiff started driving as a part-time Air Driver.
On January 8, 1993, Plaintiff started working as a full-time Package Delivery Driver. In
2014, after over 24 years, Plaintiff was promoted to the Feeder Position.

51. Plaintiff's protected category is his national origin, Nicaraguan.

52. Plaintiff's employment was terminated on April 03, 2019, for the same conduct (i.e. stopping
to use the restroom and attempting to buy a coffee to go) that is performed regularly by
similarly situated employees (same supervisors and job titles) outside of Plaintiff's protected
category, yet the other employees were not and have not been terminated.

53. It is telling that other similarly situated employees outside Plaintiff protected category have
been reprimanded but not terminated permanently for the same conduct. Plaintiff complained
about this treatment but reinstatement was denied in retaliation.

54. The causal link betwene Plaintiff's protected category and simailr conduct by simiallry
situated employees caused Defendant's harrasment, retalation, discrmination, and/or
termiation, and therefore Defendant took these adverse employment actions in substantial
part because of Plaintiff's protected category.

55. Defendant did not act in good faith nor did they have an objective, reasonable ground to
believe that their action did not violate the law.

56. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages:
wages, both in the past, present, and future, as well as compensatory damages, etc.

57. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

58. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

59. Plaintiff hereby requests a jury trial.

60. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A.  Accept jurisdiction over this matter;

B.  Award Plaintiff for past and future loss of wages and benefits, plus interest;

C.  Award Plaintiff compensatory and punitive damages;

D.  Order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits);

E.  Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

F.  Grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

Dated: July 13, 2020                    Respectfully submitted,

/s/Alberto Naranjo
Alberto Naranjo
Florida Bar No. 092923
AN Law Firm, P.A.
7900 Oak Lane #400
Miami Lakes, FL 33016-5888
United States
Office: 305-942-8070
Email: an@anlawfirm.com
Counsel for Plaintiff